UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REVEREND FRANKLIN C. REAVES, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> ) <br> SHERRY R. RHODES, individually and ) <br> in her official capacity as Clerk of Court ) <br> for Marion County; et al, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 4:10-cv-3234-TLW-TER <br><br><br> **REPORT AND RECOMMENDATION** |

Plaintiff filed this action on December 21, 2010. On July 13, 2012, Defendants filed Suggestion of Death upon the Record (Document # 56) along with a Morning News article, indicating that Plaintiff passed away on July 10, 2012. Presently before the Court is Defendants' Motion to Dismiss (Document # 64), in which they seek dismissal of this case pursuant to Rule 25(a)(1), Fed.R.Civ.P.

Rule 25(a)(1), Fed.R.Civ.P., provides that, upon the death of a party, "a motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." "In order to commence the running of the ninety-day period, the suggesting party must personally serve the suggestion of death on the decedent's personal representative, if appointed, or on the successors or representatives of the decedent." Brooks v. Arthur, No. 6:08-cv-00028, 2011 WL 1212254, *1 (W.D.Va. Mar. 30, 2011) (citing Fariss v. Lynchburg Foundry, 769 F.2d 958, 961–62 (4th Cir.1985) ( "Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.")). In Fariss, the Fourth Circuit found that service of the

suggestion of death on the decedent's attorney alone was insufficient.  <u>Fariss</u>, 769 F.2d at 962.

More than 90 days have passed since Defendants filed the Suggestion of Death Upon the Record and no motion has been made for substitution.  However, the Certificate of Service filed with the Suggestion of Death Upon the Record indicates that it was mailed to Plaintiff's post office box.  There is nothing in the record to show that it was served on Plaintiff's personal representative or any successors or other representatives of Plaintiff.  The successors or representatives of the decedent are "those empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Atkins v. City of Chicago</u>, 547 F.3d 869, 873 (7th Cir.2008) ("[A]n obviously interested non-party ... must be served for the 90–day clock to start running."); <u>Torres v. Bayer Corp. ( In re Baycol Prods. Litig.)</u>, 616 F.3d 778, 784–85 (8th Cir.2010) ("[U]nder certain circumstances, a person may be a 'successor' under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.").

Because Defendants have failed to show sufficient service of the Suggestion of Death Upon the Record, the 90-day period for filing a Motion for Substitution has not been triggered and dismissal is not appropriate.  Accordingly, it is recommended that Defendants' Motion to Dismiss (Document # 64) be denied without prejudice and with leave to refile, if appropriate, after proper service of the Suggestion of Death Upon the Record.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 25, 2012
Florence, South Carolina

**The parties are directed to the important information on the following page.**