UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REVEREND FRANKLIN C. REAVES, | ) Civil Action No.: 4:10-cv-3234-TLW-TER |
| Plaintiff, | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| SHERRY R. RHODES, individually and in her official capacity as Clerk of Court for Marion County; et al, | ) |
| Defendants. | ) |

Plaintiff filed this action pro se. On July 13, 2012, Defendants filed Suggestion of Death upon the Record (Document # 56) along with a Morning News article, indicating that Plaintiff passed away on July 10, 2012. Presently before the court is Defendants' second Motion to Dismiss (Document # 79). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

Defendants previously filed a Motion to Dismiss (Document # 64), seeking dismissal of the case pursuant to Rule 25(a)(1), Fed.R.Civ.P. Rule 25(a)(1), Fed.R.Civ.P., provides that, upon the death of a party, "a motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." "In order to commence the running of the ninety-day period, the suggesting party must personally serve the suggestion of death on the decedent's personal representative, if appointed, or on the successors or representatives of the decedent." Brooks v. Arthur, No. 6:08-cv-00028, 2011 WL 1212254, *1 (W.D.Va. Mar. 30, 2011) (citing Fariss v. Lynchburg Foundry, 769 F.2d 958, 961–62 (4th Cir.1985) ("Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the

need for action to preserve the claim if so desired.")). In Fariss, the Fourth Circuit found that service of the suggestion of death on the decedent's attorney alone was insufficient. Fariss, 769 F.2d at 962.

The court denied Defendants' first Motion to Dismiss because, although more than 90 days had passed since Defendants filed the Suggestion of Death Upon the Record and no motion had been made for substitution, there was no indication in the record that the Suggestion of Death Upon the Record had been served on Plaintiff's personal representative or any successors or other representatives of Plaintiff.[1]  The court denied the motion without prejudice and with leave to refile, if appropriate, after proper service of the Suggestion of Death Upon the Record.

Subsequently, Defendants filed a Motion for Service by Publication.  In the motion, Defendants provided an affidavit of defense counsel that they had identified six individuals whom they believed to be Plaintiff's potential heirs or successors and also provided affidavits of service indicating they had served all of the individuals with the Suggestion of Death Upon the Record except for one, Kathy Reeves.  Defendants sought and were granted leave to serve Ms. Reeves with the Suggestion of Death Upon the Record by publication.

In the present Motion to Dismiss, Defendants have included an affidavit of service on Ms. Reeves by publication and seek dismissal of this action pursuant to Rule 25(a)(1), Fed.R.Civ.P. The record reflects that Defendants have served the Suggestion of Death Upon the Record on all of Plaintiff's apparent heirs or successors and no motion for substitution (or any other appearance) has

---

[1] The successors or representatives of the decedent are "those empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims."  Id.; see also Atkins v. City of Chicago, 547 F.3d 869, 873 (7th Cir.2008) ("[A]n obviously interested non-party ... must be served for the 90–day clock to start running."); Torres v. Bayer Corp. ( In re Baycol Prods. Litig.), 616 F.3d 778, 784–85 (8th Cir.2010) ("[U]nder certain circumstances, a person may be a 'successor' under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.").

-3-

been made by said successors, it is recommended that Defendants' Motion to Dismiss (Document # 79) be granted and this case be dismissed in its entirety.

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III
                                      United States Magistrate Judge

February 3, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**